IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CITIBANK GLOBAL MARKETS, INC., D/B/A SMITH BARNEY<br><br>    Plaintiff<br><br>        Vs.<br><br>LUIS FERNÁNDEZ RAMÍREZ; ALFER REALTY & DEVELOPMENT CORP.; CASEN, INC.; CENTER COMMERCIAL & REALTY CORP.; CENTRAL PLAZA CORP.; COMMONWEALTH PROMOTERS, INC.; FM COMMERCIAL AND REALTY, INC.; NANTI CORP.; and OGIMA INVESTMENTS CORP.<br><br>    Defendants | CIVIL NO. 06-1641 (JAF)<br><br>RE:<br><br>DECLARATORY JUDGMENT AND BREACH OF CONTRACT |

**REQUEST FOR DECLARATORY JUDGMENT AND COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Citibank Global Markets, Inc., d/b/a Smith Barney ("Smith Barney"), through its undersigned counsel, and hereby ALLEGES, AVERS, and PRAYS, as follows:

**I.   JURISDICTION**

1.   This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.   Venue is proper in this District because: (1) Defendants are residents of this District, see 28 U.S.C. §

1391(a)(1); (2) this is the District in which a substantial part of the events giving rise to the claim occurred, and in which a substantial part of the property that is subject of this action is situated, see 28 U.S.C. § 1391(a)(2); and, (3) in any case, Defendant is subject to personal jurisdiction in this District, see 28 U.S.C. § 1391(a)(3).

3. Smith Barney requests interalia the remedy of declaratory judgment pursuant to Fed. R. Civ. Proc. 57 and 28 U.S.C. §§ 2201-2202.

## II. THE PARTIES

4. Plaintiff, SMITH BARNEY, is a New York corporation, with its principle place of business in 388 Greenwich Street, New York, New York, 10013.

5. Defendants ALFER REALTY & DEVELOPMENT CORP.; CASEN, INC.; CENTER COMMERCIAL & REALTY CORP.; CENTRAL PLAZA CORP.; COMMONWEALTH PROMOTERS, INC.; FM COMMERCIAL AND REALTY, INC.; NANTI CORP.; and OGIMA INVESTMENTS CORP. (hereinafter "Defendant Corporations) are corporations organized and existing under the laws of the Commonwealth of Puerto Rico, and upon information and belief, their principal offices are located at 261 Isabel La Católica Street, in Hyde Park, Hato Rey, San Juan, Puerto Rico, and their telephone number is (787) 754-8244.

6. Defendant LUIS FERNÁNDEZ RAMÍREZ (hereinafter "Fernández") is a resident of Puerto Rico, and he is the sole or majority shareholder and principal director of the Defendant Corporations, except for Central Plaza Corp., of which he is Secretary-Treasurer. Defendant Fernández is an attorney at law by profession and acted at all times as the representative and/or agent for all the Defendant Corporations in relation with the facts alleged herein.

### III. FACTS

7. All of the Defendant Corporations maintained investment accounts with Smith Barney, most of which were opened in 2002, and the last one in 2005.

8. On February 17, 2006, the parties in this case entered into a confidential Settlement Agreement and Release (hereinafter "Agreement"), which ended an extrajudicial controversy between the parties. See, **Exhibit A.** Pursuant to the terms of the Settlement Agreement, Smith Barney paid Defendants a very substantial amount of money, well in excess of $75,000.00, as specified in **Exhibit A** and **Exhibit B**,[1] which are incorporated to and made to form part of this Complaint, in settlement of the claims between the parties, particularly claims as to the variance between standard

---

[1] On even date, Smith Barney has filed a motion to file these exhibits under seal, as the Agreement contains a confidentiality clause.

- 3 -

commissions and the actual commissions charged to Defendants.

9. In consideration of the payment described in paragraph 8 of the instant action, Defendants released and held Smith Barney harmless of any claims they, or any of their affiliates, representatives or subsidiaries could have, whether in the past or the future, against Smith Barney. This release included any claims as to all of Defendants' accounts with Smith Barney, but was not limited to accounts number 837-00366, 837-00374, 837-00590, 837-07712, 837-07717, 837-07953, 837-00391, 837-07991, 837-09788, 837-62540, 837-10124, 837-10130, 837-10135, 837-10136, and 837-12687. Section 2.

10. As part of the Agreement, the parties also represented that the release described above was given voluntarily, that the settlement was fair and reasonable, and that Defendant's determination to enter into the agreement was based solely on the independent judgment of their representative, owner, and director, who also represented himself, attorney Fernández. Attorney Fernández further represented as part of the agreement that he discussed the merits of all claims with an attorney of his choice. Sections 5 and 6. In addition, the parties represented that they had cooperated in the

drafting and preparation of the Settlement Agreement and Release. Section 9.

11. In addition, the parties agreed that the Settlement Agreement and Release would remain confidential and that the parties would not disclose the terms of the Settlement Agreement

12. In compliance with the Agreement, Smith Barney sent Defendant Fernandez several checks payable to the Defendant Corporations, totaling the amount agreed to by the parties on April 12, 2006. Defendant Fernández received the same on behalf of the Defendant Corporations on April 17, 2006.

13. Notwithstanding the Agreement, the Defendant Corporations filed a Request for Provisional Remedy in Arbitration Process before the Puerto Rico Court of First Instance, San Juan Part under the caption entitled <u>Alfer Realty & Development Corp., et al. v. Citibank Global Markets, Inc.</u>, Civil no. K AC 2006-2621 (803). In this action, Defendants requested that they be allowed to cash the checks, which they received as a result of the Agreement. The Defendant Corporations also sought a declaration and determination that their receipt of the checks that Smith Barney delivered to them as part of the Agreement not be construed as accord and satisfaction and

that Smith Barney not be discharged from its purported obligations to the Defendant Corporations.

14. Defendant Corporations included a copy of the parties' confidential Agreement as an exhibit of the request for provisional remedy, in a clear violation and complete disregard of the confidentiality provisions of the Agreement.

15. In addition, upon information and belief, the Defendants have disclosed the existence and/or contents of the Agreement to third parties.

16. On May 26, 2006, Smith Barney filed a Notice of Removal to this Honorable Court of the case filed by Defendants in the Puerto Rico Court, which was assigned Civil No. 06-1528 (JAF). However, on June 5, 2006, the Plaintiffs in said case (and Defendants in this case) filed a notice of voluntary dismissal of the removed case, stating and threatening that they would file an arbitration proceeding against Smith Barney.

17. On June 2 2006, Defendants returned all the checks made payable to the Defendant Corporations to Smith Barney and expressed their intention of filing an arbitration proceeding against Smith Barney.

18.     The Settlement Agreement and Release does not provide that the controversies arising from the same should be submitted to binding arbitration.

### IV.  FIRST CAUSE OF ACTION
(Declaratory Judgment)

19.     Smith Barney incorporates by reference the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     Defendants have stated their intent to present an arbitration claim against Smith Barney, presumably arising out of the Defendants' securities accounts at Smith Barney.

21.     Pursuant to the Agreement between the parties, all of the Defendants, acting through and represented by Defendant Fernández, released Smith Barney from all claims arising from their accounts with Smith Barney, including but not limited to accounts number 837-00366, 837-00374, 837-00590, 837-07712, 837-07717, 837-07953, 837-00391, 837-07991, 837-09788, 837-62540, 837-10124, 837-10130, 837-10135, 837-10136, and 837-12687.

22.     As stated above, the parties to the Agreement did not agree to submit any controversies arising from the Settlement Agreement and Release to binding arbitration.

23. Therefore, pursuant to Fed. R. Civ. Proc. 57, this Honorable Court should enter judgment declaring that Defendants are not entitled to file an arbitration agreement regarding any controversies relating to Defendants' accounts at Smith Barney.

### V. SECOND CAUSE OF ACTION
(Breach of Contract and
Specific Performance of Settlement Agreement)

24. Smith Barney incorporates by reference the allegations contained in Paragraphs 1 through 23 as if fully set forth herein.

25. On February 17, 2006, the parties in this case entered into a confidential Agreement, which ended an extrajudicial controversy between the parties. Smith Barney paid Defendants the amounts provided in the Agreement on April 12, 2006, by way of checks issued to each of the Defendant Corporations.

26. On even date, Smith Barney has filed a motion under seal to deposit the checks issued to the Defendant Corporations. See, Motion Under Seal for Deposit of Funds.

27. In consideration of the payment made by Smith Barney, Defendants agreed to release, indemnify, and hold Smith Barney harmless from any controversies arising from the securities accounts maintained by Defendants at Smith Barney, including, but not limited to 837-00366, 837-

00374, 837-00590, 837-07712, 837-07717, 837-07953, 837-00391, 837-07991, 837-09788, 837-62540, 837-10124, 837-10130, 837-10135, 837-10136, and 837-12687.

28. A compromise, or settlement agreement, is a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit, or terminates one that has already been instituted. 31 P.R. Stat. Ann. § 4821.

29. According to this definition, two premises are necessary for a contract to be considered a compromise: the existence of a controversy between two or more persons, and the need for mutual concession. Neca Mortg. Corp. v. A & W Dev. S.E., 137 D.P.R. 860 (1995).

30. There are two kinds of compromise agreements: judicial and extrajudicial. If, before the commencement of an action, the parties agree to terminate the controversy by way of an agreement, there is an extrajudicial compromise. Neca Mortg. Corp. v. A & W Dev. S.E., 137 D.P.R., at 872.

31. Section 1715 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 4827, which incorporates the principle that attributes the authority of *res judicata* to the compromise, or settlement agreement, provides that "[a] compromise has, with regard to the parties, the same

authority as *res judicata*; but summary proceedings shall not be proper except when the fulfillment of a judicial compromise is in question." **This means that the parties must consider the points discussed as definitely resolved and cannot go over them again.** Neca Mortg. Corp. v. A & W Dev. S.E., 137 D.P.R., at 872; Citibank v. Dependable Ins. Co., Inc., 121 D.P.R. 503, 516 (1988) (Emphasis provided).

32. As stated above, the parties in this case executed the Agreement, which definitely resolved the controversies between the parties. Therefore, Defendants cannot be allowed to return the payment made by Smith Barney nor attempt to prosecute a claim in relation with the claims they settled as per the Agreement.

33. In light of the foregoing, Defendants request that this Honorable Court order the specific performance of the Agreement and order Defendants to accept the payments agreed to in the Agreement.

### VI.  THIRD CAUSE OF ACTION
(Damages for Breach of Contract)

34. Smith Barney incorporates by reference the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. As part of the Agreement between the parties, Defendants agreed to hold Smith Barney harmless from any claims arising from their accounts at Smith Barney.

36. Notwithstanding this agreement, Defendants filed a Request for Provisional Remedy before the Puerto Rico Court of First Instance, which definitely caused that Smith Barney undergo the costs and inconvenience of having to defend itself from this frivolous claim, as well as legal fees and expenses, in total disregard of the agreements between the parties.

37. In addition, Defendants included as part of their request for provisional remedy a copy of the confidential Settlement Agreement and Release, thereby disclosing the contents of the agreement to the public. Upon information and belief, Defendants have also disclosed the existence and/or contents of the Agreement to third parties.

38. Defendants have also refused to comply with the Agreement and forced Smith Barney to file the present action, causing additional damages to Smith Barney.

39. Defendants' breach of the Agreement has caused damages to Smith Barney an amount of no less than $200,000.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff SMITH BARNEY demands from this Court judgment in its favor and against Defendants LUIS FERNÁNDEZ RAMÍREZ; ALFER REALTY & DEVELOPMENT CORP.; CASEN, INC.; CENTER COMMERCIAL & REALTY CORP.; CENTRAL PLAZA CORP.; COMMONWEALTH PROMOTERS, INC.; FM COMMERCIAL AND REALTY, INC.; NANTI CORP.; and OGIMA INVESTMENTS CORP., as follows:

   a.  Declaring pursuant to Fed. R. Civ. Proc. 57, that Defendants are not entitled to file an arbitration agreement regarding any controversies relating to Defendants' accounts at Smith Barney.

   b.  Ordering the specific performance of the Agreement; that Defendants accept the payments provided for in the Agreement; and particularly that Defendants be ordered to accept the checks being deposited today by separate motion under seal with the Honorable Court.

   c.  Declaring that Defendants are responsible for damages for breach of the Settlement Agreement and Release in the amount of $200,000.00 and ordering Defendants to pay Smith Barney said damages and any proved at trial in this case.

   d.  Ordering Defendants to pay costs and attorneys fees incurred in this case and any further relief as the Court may deem just and reasonable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of June, 2006.

**PIETRANTONI MENDEZ & ALVAREZ LLP**
POPULAR CENTER 19TH FLOOR
209 MUÑOZ RIVERA AVENUE
SAN JUAN, PUERTO RICO   00918
TEL:   (787) 274-1212
FAX:   (787) 274-1470

_____
NÉSTOR M. MÉNDEZ GÓMEZ
U.S.D.C.P.R. #118409
E-MAIL:   NMENDEZ@PMALAW.COM

_____
JANITZA M. GARCIA-MARRERO
U.S.D.C.P.R. #222603
E-MAIL:   JGARCIA@PMALAW.COM

#120197.1